# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAKEISHA S. BROWN,<br>    Plaintiff,<br><br>  v.<br><br>CHASE AUTO – JPMORGAN<br>CHASE BANK, *et al.*<br>    Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 23-CV-1473<br>:<br>:<br>:<br>: |

## MEMORANDUM

**KENNEY, J.**                                                                                                **MAY 15, 2023**

Plaintiff Lakeisha S. Brown, proceeding *pro se*, brings this action against Chase Auto – JPMorgan Chase Bank ("Chase") and Advanced Financial Service ("Advanced"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") stemming from the repossession of a car. ECF No. 2. Brown seeks leave to proceed *in forma pauperis*. ECF No. 5. For the following reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss her Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Brown will be given an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

**I.        FACTUAL ALLEGATIONS**[1]

The allegations in Brown's Complaint stem from the repossession of a car on January 18, 2023 and its eventual resale in March of 2023. Compl. at 4-5. Brown claims that "Debt Collector

---

[1] Brown filed the Court's standard civil complaint form, (ECF No. 2 at 1-6), along with a series of attachments that include, *inter alia*, documentation that appear related to Brown's purchase (and financing) of a 2014 Chevrolet Traverse, the subsequent repossession (and sale) of that vehicle, and printouts of language from various consumer credit statutes. *Id*. at 7-25. The facts set forth in this Memorandum are taken from Brown's Complaint and attachments. The Court adopts the pagination assigned by the CM/ECF docketing system.

Advanced Financial Service sent their thieves to commit grand theft auto ordered by Debt Collector Chase Auto Finance who authorized the order to possess [Brown's] [personal] property." Compl. at 4. As a result of these actions, Brown claims loss of money and personal property, pain and suffering, emotional distress, and "defamation of character by reporting inaccurate information to the credit reporting agencies causing financial loss." *Id*. at 5. Brown seeks $36,588.50 in monetary relief for "all payments made in connection with this consumer credit transaction," unspecified "compensation for injuries" and "1 thousand USD dollars per violation." *Id*. She also seeks injunctive relief in the form of a replacement vehicle "for equal value at time of purchase," "reports to all three credit reporting agencies [showing Brown's] account as paid in full," and an apology. *Id*.

## II.   STANDARD OF REVIEW

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Brown's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Brown is proceeding *pro se*, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

### III. DISCUSSION

#### A. FDCPA Claims

Brown brings an FDCPA claim against Chase and Advanced seeking monetary and injunctive relief.[2] Compl. at 3, 5. "Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (quoting 15 U.S.C. § 1692(e)). "The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Id.* (citing 15 U.S.C. §§ 1692b-1692j); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*) ("The FDCPA protects against abusive debt collection practices by imposing restrictions and obligations on third-party debt collectors.").

To state a claim under the FDCPA, a plaintiff must establish that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470

---

[2] Since private litigants are limited to a damages remedy under the FDCPA, there is no legal basis for the Court to grant Brown the injunctive relief she seeks. *See Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *see also Franklin v. GMAC Mortg.*, 523 F. App'x 172, 173 (3d Cir. 2013) ("Franklin is not entitled to injunctive relief under the FDCPA.").

(3d Cir. 2021) (internal citation omitted). Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible. *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App' x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").

As an initial matter, Brown fails to clearly and plausibly allege that Defendants are debt collectors as defined by the FDCPA. The FDCPA defines "debt collector" as "any person" who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This statutory language focuses "on third party collection agents working for a debt owner— not on a debt owner seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017); *see Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018) ("Specifically excluded from the definition's reach are . . . a creditor's officers and employees collecting debts for the creditor, a company collecting debts only for its non-debt-collector sister company, an entity collecting a debt it originated, and one collecting a debt it obtained that was not in default at the time of purchase."). Brown claims that Chase and Advanced are "debt collectors." Compl. at 4. However, Brown offers no facts in support of this legal conclusion. *See Overton v. First Invs. Servicing Corp.*, No. 22- 2844, 2022 WL 5249443, at *3 (E.D. Pa. Oct. 5, 2022); *see also Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("As to Ballard Spahr, the complaint alleges, in a conclusory fashion, that the law firm is a 'debt collector' by quoting the relevant definition from the FDCPA. However, beyond this legal

4


conclusion, the complaint provides no factual allegations that suggest Ballard Spahr regularly collects or attempts to collect debts owed to another.").

Moreover, the Complaint does not make clear how Chase and Advanced allegedly violated the FDCPA. Brown offers only bare, conclusory allegations, for example that Chase and Advanced "sent unknown thieves" to "steal" the vehicle used by Brown for "personal, family, and household purposes." *Id*. at 4. The Complaint provides no details with regard to how Chase and/or Advanced failed to follow the procedures and responsibilities set forth in the FDCPA for when a consumer such as Brown disputes the validity of a debt. *See* 15. U.S.C. § 1692g. At most, the Complaint suggests that a car was repossessed without a legal basis. It is unclear from Brown's bare-bones allegations how Chase and Advanced violated any provision of the FDCPA in attempting to collect a debt.

Furthermore, the Court will not speculate as to Brown's claims based on the attachments to her Complaint. Indeed, a plaintiff may not state a claim by relying solely on exhibits. *See Estate of Egenious Coles*, 658 F. App'x at 111 ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."). Here, Brown references statutory violations throughout the attachments by hand writing legal citations or noting "FDCPA" but provides no factual details in support of her claim. *See*, *e.g.*, Compl. at 8-9, 13-19. This is not sufficient. *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its

face."). In other words, the conclusory allegations in Brown's Complaint combined with her unexplained attachments do not present a plausible FDCPA claim.[3]

### B. FCRA Claims

While the Complaint relies entirely on the FDCPA as the statutory basis for liability, Brown also claims to have suffered "[d]efamation of character by [the] reporting [of] inaccurate information to the credit reporting agencies causing financial loss," and asks the Court to direct Defendants to "[r]eport to all three credit reporting agencies [that Brown's is] paid in full." Compl. at 5. The Court liberally construes Brown's Complaint and considers whether Brown intended to assert a claim under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47,

---

[3]In addition to referring to the FDCPA in her attachments, Brown also handwrites references to "TILA," or the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. *See* Compl. at 11-12, 24. Brown's sporadic notations to TILA do not make clear how Defendants allegedly violated that statute. Moreover, any TILA claim asserted by Brown is likely time-barred as the governing "Retail Installment Sales Contract" related to the purchaser of the 2014 Traverse, *see* Compl. at 11-12, was executed in 2017, far beyond the one-year statute of limitations applicable to most TILA claims. *See West v. Wells Fargo Auto*, No. 22-4405, 2023 WL 199676, at *4 (E.D. Pa. Jan. 17, 2023) (citations omitted). However, because certain TILA claims have a three-year limitations period, *see* 15 U.S.C. 1640(e) and equitable tolling may apply, *see West*, 2023 WL 199676 at *4, Brown will be granted leave to amend her pleadings.

Brown also handwrites various criminal statutes throughout her attachments. *See* Compl. at 8, 13, 16-18. However, there is no private cause of action for violations of the federal criminal statutes cited by Brown. *See Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 917 (E.D. Pa. 2019) (dismissing identity theft claim because 18 U.S.C. § 1028 does not give rise to a civil cause of action); *Murphy v. JP Morgan Chase*, 2015 WL 2235882, *4 (E.D. Cal. 2015) ("18 U.S.C. § 641 provides no private right of action"); *Lawton v. Wells Fargo Bank, N.A.*, No. 22-3294, 2023 WL 2539000, at *3 (E.D. Pa. Mar. 16, 2023) ("Neither the federal statutes for mail fraud nor wire fraud, which Plaintiffs cite, nor the statute for forgery, confer a private cause of action unto litigants.") (citations omitted).

52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Consequently, the FCRA places certain duties on those who furnish information to consumer reporting agencies, such as requiring furnishers to correct any information they later discover to be inaccurate. *Bibbs v. Trans Union LLC*, No. 21-1350, 2022 WL 3149216, at *3 (3d Cir. Aug. 8, 2022) (citing *SimmsParris*, 652 F.3d at 357; 15 U.S.C. § 1681s-2(a)(2)).

To state a plausible claim under the FCRA,[4] Brown must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v. Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. §§ 1681s-2(b). If the furnisher fails to comply with its obligations under the

---

[4] The FCRA provides for claims against both consumer reporting agencies and furnishers of credit information. Brown does not claim that Chase or Advanced are consumer reporting agencies. Instead, she mentions in passing that "inaccurate information" was reported to the "credit reporting agencies" and seeks correction of the alleged inaccuracies. Compl. at 5. As such, the Court will construe Brown's claim as potentially one against Chase and Advanced as furnishers of credit information.

7

Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017). However, "under the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." *Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted).

Even liberally construing the Complaint, Brown has not pled a plausible FCRA claim against Chase and/or Advanced as her allegations are undeveloped. There are no allegations that Brown disputed any inaccurate information with any of the consumer reporting agencies. Other than a general statement about inaccurate information being reported to the reporting agencies, Brown provides no other factual details. She does not allege that Chase and/or Advanced furnished inaccurate information to a consumer reporting agency, that she notified the consumer reporting agency of that inaccurate information, and that Chase and/or Advanced failed to correct the inaccurate information after receiving notice from the consumer reporting agency. *See SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency, and cannot come directly from the consumer"); *see also Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. Nov. 8, 2019) (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"). Accordingly, Brown's Complaint fails to allege a plausible FCRA claim for relief. *See Berkery v. Verizon Commc'ns Inc*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA claim against furnisher that was based on conclusory allegations); *Anyaegbunam v. ARS Account Resolution, LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J.

May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims).

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will grant Brown an opportunity to file an amended complaint to "flesh out [her] allegations by . . . explaining in an amended complaint the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended complaint should clearly describe the factual basis for any FDCPA, FCRA, and/or TILA claims against Chase and Advanced, and should not simply copy statutory language. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**