**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAKEISHA S. BROWN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-1473 |
| | : | |
| CHAPMAN CHEVROLET LLC, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

KENNEY, J.                                                                       AUGUST 3, 2023

    *Pro Se* Plaintiff Lakeisha S. Brown filed this civil action seeking damages for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") stemming from the repossession of a Chevrolet Traverse.  The Court previously granted Brown *in forma pauperis* status and dismissed her claims without prejudice.  Brown has returned with an Amended Complaint.  For the following reasons, the Court will dismiss her Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without further leave to amend.

## I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

    Brown's claims stem from the repossession of a car and its eventual resale in March of 2023.  In her initial Complaint, Brown named the following Defendants: (1) Chase Auto – JPMorgan Chase Bank and (2) Advanced Financial Services.  Brown claimed that "Debt Collector Advanced Financial Service sent their thieves to commit grand theft auto ordered by Debt

---

[1]  Brown used the Court's standard civil complaint form to file her Amended Complaint, (ECF No. 8 at 1-5), along with a series of attachments that include, *inter alia*, documentation that appear related to Brown's 2017 purchase and financing of a 2014 Chevrolet Traverse and the subsequent repossession of that vehicle, (*id.* at 6-23.)  The facts set forth in this Memorandum are taken from Brown's Amended Complaint and attachments.  The Court adopts the pagination assigned by the CM/ECF docketing system.

Collector Chase Auto Finance who authorized the order to possess [Brown's] [personal] property." (Compl. at 4.)  As a result of these actions, Brown claimed loss of money and personal property, pain and suffering, emotional distress, and "defamation of character by reporting inaccurate information to the credit reporting agencies causing financial loss."  (*Id*. at 5.)

By Memorandum and Order dated May 15, 2023, the Court granted Brown leave to proceed *in forma pauperis,* dismissed her Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and granted Brown leave to file an amended complaint. *See Brown v. Chase Auto-JPMorgan Chase Bank, et al.*, No. 23-1473, 2023 WL 3455615, at *5 (E.D. Pa. May 15, 2023).  The Court concluded that Brown failed to allege facts to establish two elements of an FDCPA claim:  that the named Defendants are debt collectors and that Defendants specifically violated the FDCPA by attempting to collect a debt.  *Id*. at *3-*4.  The Court provided Brown with an opportunity to cure the deficiencies by filing an amended complaint.

Brown returned with her Amended Complaint, naming as Defendants (1) Chapman Chevrolet, ("Chapman"), (2) JPMorgan Chase Bank, ("JPMorgan"), and (3) Advanced Financial LLC., ("Advanced").  (Am. Compl. at 1-2.)  Brown alleges that she "engaged in a consumer credit transaction with Chapman on 12/29/2017."  (Am. Compl. at 3.)  According to Brown, Chapman used "misleading representation" and "deceptive" forms, and failed to provide "full disclosure or adequate notice" with regard to the 2017 transaction.  (*Id*.)  Brown avers that JPMorgan sent notices on July 17, 2022 and January 22, 2023 in an "attempt to collect a debt" related to the Traverse.  (*Id*.)  Brown further claims that Advanced "conspired with JPMorgan Chase Bank and Chapman Chevrolet in the unlawful taking of the [Chevrolet Traverse]."  (*Id*.)  She avers that "all companies were aware of [an] active cease and desist order.  Knowingly and willingly they did not

2

comply with the provisions of the FDCPA." (*Id.*)  As relief, Brown again seeks compensatory and injunctive relief.[2]

## II.      STANDARD OF REVIEW

Since Brown is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  The Court construes the allegations of the *pro se* Amended Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (internal quotation omitted).

## III.     DISCUSSION

Brown's Amended Complaint suffers from the same deficiencies as her prior pleading.  Brown again asserts a claim under the FDCPA.  (Am. Compl. at 2-3.)  "Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

---

[2] Since private litigants are limited to a damages remedy under the FDCPA, there is no legal basis for the Court to grant Brown any injunctive relief she seeks.  *See Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *see also Franklin v. GMAC Mortg.*, 523 F. App'x 172, 173 (3d Cir. 2013) ("Franklin is not entitled to injunctive relief under the FDCPA.").

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (quoting 15 U.S.C. § 1692(e)).  "The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Id.* (citing 15 U.S.C. §§ 1692b-1692j); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 585 (3d Cir. 2020) (*en banc*) ("The FDCPA protects against abusive debt collection practices by imposing restrictions and obligations on third-party debt collectors.").  To state a claim under the FDCPA, a plaintiff must establish that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted).  Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible.  *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").

Brown once again fails to clearly and plausibly allege that Defendants are debt collectors as defined by the FDCPA.  The FDCPA defines "debt collector" as "any person" who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  This statutory language focuses "on third party collection agents working for a debt owner— not on a debt owner seeking to collect debts for itself."  *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017); *see Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018) ("Specifically excluded

4

from the definition's reach are . . . a creditor's officers and employees collecting debts for the creditor, a company collecting debts only for its non-debt-collector sister company, an entity collecting a debt it originated, and one collecting a debt it obtained that was not in default at the time of purchase.").

Brown proclaims that JPMorgan and Advanced are "debt collectors."[3]   (Compl. at 4). However, the Amended Complaint offers no facts in support of this legal conclusion.  *See Overton v. First Invs. Servicing Corp.*, No. 22- 2844, 2022 WL 5249443, at *3 (E.D. Pa. Oct. 5, 2022) (plaintiff failed to allege plausible FDCPA claim because "[a]lthough [plaintiff] states in her Complaint that Defendants 'are a debt collecting agency,' [she] offers no facts in support of this legal conclusion"); *see also Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("As to Ballard Spahr, the complaint alleges, in a conclusory fashion, that the law firm is a 'debt collector' by quoting the relevant definition from the FDCPA. However, beyond this legal conclusion, the complaint provides no factual allegations that suggest Ballard Spahr regularly collects or attempts to collect debts owed to another.").  Other than Brown using the words "debt collector" in connection with JPMorgan and Advanced, nothing in the Amended Complaint suggests that the principal business of JPMorgan or Advanced is debt collection.  In fact, Brown's exhibits suggest that JPMorgan's involvement in repossession of the car may have been an attempt to collect a debt owed to it (in connection with financing the car)

---

[3]   Brown does not allege that Chapman is a debt collector.  As such, Brown cannot plausibly maintain an FDCPA claim against Chapman and that claim will be dismissed with prejudice. Additionally, to the extent Brown points to the 2017 sales agreement between herself and Chapman as the basis for an FDCPA claim, the applicable one-year statute of limitations bars any such claim. *Glover v. F.D.I.C.*, 698 F.3d 139, 148 (3d Cir. 2012) (quoting 15 U.S.C. § 1692k(d)) ("A claim under the FDCPA 'may be brought . . . within one year from the date on which the violation occurs.'"); *Taggart v. Deutsche Bank Nat'l Tr. Co.*, No. 20-5503, 2021 WL 2255875, at *8 (E.D. Pa. June 3, 2021).

rather to collect a debt owed to another.  *See Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) ("Huntington Bank falls within the exemption contained in § 1692a(6)(F)(ii) because by retaining Silver Shadow to repossess the BMW that served as collateral for the car loan to Smith, it was collecting or attempting to collect on a debt that was owed, due, or asserted to be owed or due, and that originated with it.").

As with her Complaint, Brown also fails to plausibly assert in her Amended Complaint how JPMorgan and Advanced violated the FDCPA.  Brown offers only bare, conclusory allegations, for example that JPMorgan sent notices regarding to the sale of the Traverse, and that Advanced "conspired with JPMorgan Chase Bank and Chapman Chevrolet in the unlawful taking of the [Chevrolet Traverse]."  (Am. Compl. at 3.)  However, the Amended Complaint provides no details with regard to how JPMorgan, Advanced, and/or Chapman violated the FDCPA.  At most, the Amended Complaint mirrors the original Complaint in suggesting that the Chevrolet Traverse was repossessed without a legal basis.  That conclusory, unsupported allegation is not sufficient to establish that any Defendant violated the FDCPA in attempting to collect a debt.[4]

---

[4]  The Court will not speculate as to Brown's claims based on the attachments to her Amended Complaint.  Indeed, a plaintiff may not state a claim by relying solely on exhibits.  *See Estate of Egenious Coles*, 658 F. App'x at 111 ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.").  Here, Brown references statutory violations throughout the attachments by hand writing out the legal citation "15 U.S.C. 1692b(5)" but provides no factual details in support of her FDCPA claim.  *See, e.g.*, Compl. at 10-11, 15.  This is not sufficient.  *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").  In other words, the conclusory allegations in Brown's Amended Complaint combined with her unexplained attachments do not present a plausible FDCPA claim.

IV.    **CONCLUSION**

For the foregoing reasons, the Court will dismiss Brown's Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Since Brown was given an opportunity to amend the defects in her claims and was unable to do so, the Court concludes that further attempts to amend would be futile.  *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

An appropriate Order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**